Martin Kraus, J.
The landlord instituted this proceeding to evict the tenants because they allegedly have violated a substantial obligation of their tenancy by installing and using a laundry washing machine in their apartment in violation of a covenant of their lease. The tenants, together with their two children of tender years, occupy a three-room apartment in a 122 family multiple dwelling at 1551 Williamsbridge Road, Bronx, N. Y., controlled by emergency rent laws.
The tenants took possession by written lease dated March 29, 1954. Said lease expired March 31, 1956. The terms of the expired lease are projected into the statutory tenancy. Paragraph 30 of said lease provides ‘ ‘ that the tenant shall not install or use a laundry machine * * * without the consent of the landlord in writing ”. The lease further provides in paragraph 30 ‘ ‘ the violation by the tenant of any restriction contained in this paragraph shall be deemed a violation by the tenant of a substantial obligation of this lease and shall entitle the landlord to terminate the tenancy in the manner herein provided ’ \
The tenants herein admitted that they had installed and now use a Whirlpool automatic washing machine. No evidence was offered by the landlord that the tenants’ use of this washing machine caused any injury to the landlord’s property or inconvenienced any other tenant in the building.
There is a tendency on the part of the courts to be liberal with respect to the use of the premises so long as the landlord suffers no actual loss or damage. In Matter of Park East Land Corp. v. Finkelstein (299 N. Y. 70), where in spite of a covenant *708 not to sublet or assign and of restricted use to members of tenant’s family, the Court of Appeals decided that due to housing shortage where there was no loss or damage to the landlord, persons unrelated to the original tenant were entitled to possession of the apartment.
The Appellate Term, First Department in Smith Real Estate v. Byrne (3 Misc 2d 559) took the position that the mere keeping of a dog in an apartment in contravention of the terms of a lease is not a breach of a substantial obligation of tenancy.
Justice Maxwell Shapiro, in Midboro Management v. Golub (1 Misc 2d 735) held that the continued maintenance of an air-conditioning unit was not a serious and substantial violation of the tenant’s obligation of tenancy as to justify and warrant summary eviction from his dwelling.
In Barfur Realty Corp. v. Kaufman (83 N. Y. S. 2d 847, 848-849) the landlord sought to evict the tenant on the ground that there had been a substantial violation of an obligation of the tenancy in that the tenant installed a television antenna on the roof of the apartment building in violation of the terms of the tenancy. Mr. Justice Gittmah concerned himself solely with the question whether or not the violation was so substantial that it would warrant eviction of the tenant. He held that: “ The housing situation that currently prevails is still one of great emergency. * * * Eesidents of this city still encounter great difficulty in obtaining residential quarters and despite the sporadic prosecutions here and there, it is common knowledge that a black market in renting apartments still continues to flourish. The problem has by no means been adequately resolved and the circumstances that exist must be taken into consideration in determining whether or not a tenant has so violated the obligations of his tenancy that he should be required to remove from premises which he occupies. This matter has been carefully considered and in the light of all the circumstances, the court is obliged to conclude that although the tenant has violated the regulation referred to, the act is not so serious as to be deemed substantial and warrant the tenant’s eviction. ”
In this day and age, an automatic washing machine is entitled to the same legal consideration as a television antenna, an air-conditioning unit and a canine. In today’s economy an automatic washer has become a necessity for the over-burdened housewife. The need for a mother with small children to wash clothes frequently and in close proximity to her children, and the cost of sending clothes out to be laundered, has resulted in automatic washers becoming a necessity in the American home. *709 To deny the modern housewife the convenience of this appliance in her apartment is to place a stumbling- block in the path of the wheels of progress.
In view of the foregoing, final order is therefore directed in favor of the tenants dismissing the landlord’s petition.